UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* EDWARD ALLEN<br><br>Plaintiff,<br><br>v.<br><br>STERLING CAPITAL PARTNERS, L.P.; STERLING CAPITAL PARTNERS GMBH & CO. KH, and STERLING FUND MANAGEMENT, LLC; ARIZONA SUMMIT LAW SCHOOL, LLC; FLORIDA COASTAL SCHOOL OF LAW, INC.; CHARLOTTE SCHOOL OF LAW, LLC; INFILAW CORPORATION; INFILAW HOLDING, LLC; BARBRI, INC.; and KAPLAN, INC.<br><br>Defendants. | Case No. 1:19-cv-07289<br><br>Honorable Ronald A. Guzman<br><br>**Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KAPLAN, INC.'S MOTION TO DISMISS**

I.  **INTRODUCTION**

The threadbare allegations against Kaplan, Inc. ("Kaplan") in Relator Edward Allen's ("Relator") Complaint are not just similar to those set forth in previously unsealed cases—they are *identical* to those allegations in almost all respects. Indeed, a redline comparison of Relator's allegations as to Kaplan demonstrates that Relator did nothing more than cut-and-paste the allegations made by another relator in *United States ex rel. O'Connor v. Arizona Summit Law School, et al.*, No. 3:15-cv-1351 (M.D. Fla. filed under seal Nov. 10, 2015)—with the only differences being minor typographical changes and the deletion of seven lines. Put simply, Relator's copycat allegations add nothing to the information that has existed in the public domain since at least March 26, 2018—when *O'Connor* was unsealed. Relator's Complaint even includes allegations copied and pasted from yet another, inapplicable *healthcare* FCA case—claiming Defendants "received millions of dollars in payments from TRICARE [the military health plan for the Department of Defense] for claims that were prohibited by the Anti-Kickback Statute"—even though those allegations are plainly inapplicable to the instant case. Compl. ¶ 306. Relator is precisely the type of "opportunistic plaintiff[] who ha[s] no significant information to contribute of [his] own" that the False Claims Act's ("FCA") public disclosure bar (31 U.S.C. § 3730(e)(4)) is designed to deter, and his Complaint is nothing more than an attempt to profit by refiling the information of another plaintiff. *Bellevue v. Universal Health Servs. of Hartgrove, Inc.*, 867 F.3d 712, 717 (7th Cir. 2016) (internal quotation marks omitted). Courts routinely dismiss complaints that merely copy and paste allegations from previously filed lawsuits. *See, e.g., United States ex rel. Bogina v. Medline Indus., Inc.*, No. 11 C 05373, 2015 WL 1396190, at *1, 10 (N.D. Ill. Mar. 24, 2015) (dismissing complaint with "virtually identical" allegations to one previously filed); *Illinois ex rel. Strakusek v. Omnicare, Inc.*, No. 19 C 7247, 2021 WL 308887, at *8 (N.D. Ill. Jan. 29, 2021) (dismissing complaint with "essentially the same factual allegations" as another unsealed one year before). And this Court should do the same here.

But the deficiencies in Relator's claims do not end with the fact that he copied allegations from a prior lawsuit. Substantively, the allegations fall woefully short of establishing a *prima facie*

claim that Kaplan violated the FCA in any way. Most critically, Relator's cut-and-pasted allegations do not establish that Kaplan had any involvement in the submission of a false claim to the government—the *sine qua non* of an FCA violation. *United States ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002); *Mason v. Medline Indus., Inc.*, No. CIV.A. No. 07 C 5615, 2009 WL 1438096, at *4 (N.D. Ill. May 2009). Relator's unsupported and inaccurate grievances that Kaplan's provision of test preparation courses was somehow "anti-competitive" or "adversely affected" students, Compl. ¶¶ 168, 170, 174, simply do not form the basis of an FCA violation. "The FCA is not 'an all-purpose antifraud statute' . . . or a vehicle for punishing garden-variety breaches of contract or regulatory violations.'" *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 842 (7th Cir. 2018) (quoting *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct., 1989, 2003 (2016) (*Escobar*)). Relator must allege that Kaplan submitted or caused the submission of a "false claim" for payment to the government. He does neither. Relator's allegations also fail to allege the "who, what, where, when, and how" of any alleged scheme involving Kaplan, as required by Rule 9(b). *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). Even if Kaplan's test preparation courses were misused by *someone else* (which Relator does not allege adequately either), Relator still makes no effort to allege that anyone at Kaplan was aware of this purpose or that it mattered for government funding, *Escobar*, 136 S. Ct. at 2004, let alone allege facts that Kaplan conspired with other defendants to achieve this purpose.

In sum, Relator's claims against Kaplan should be dismissed.

## II. SUMMARY OF RELEVANT ALLEGED FACTS

While only 31 of the Complaint's 248 paragraphs contain any factual allegations pertaining to Kaplan, the Complaint provides even less information regarding Relator. Indeed, beyond the assertion that Relator was a student at Arizona Summit Law School "from the Summer of 2016," Compl. ¶ 53, the Complaint provides no details about him. The Complaint does not disclose, for instance, how Relator allegedly came to know the information set forth in the Complaint.

3

Kaplan provides preparation courses for individuals taking state bar examinations. *Id.* ¶ 18. Relator's allegations against Kaplan are premised on its provision of test preparation services to Arizona Summit Law School, Florida Coastal School of Law, and Charlotte School of Law (the "InfiLaw Schools" or the "Schools"). Relator alleges that the InfiLaw Schools struggled with low bar examination passage rates. *See id.* ¶ 135. Relator claims that "[i]n 2011 or 2012," InfiLaw and the InfiLaw Schools "approached Barbri and Kaplan" about creating a bar examination preparation course that would be offered internally to InfiLaw School students during their time at law school. *Id.* ¶ 150. "In or around 2012," Kaplan allegedly entered into contracts with all three InfiLaw Schools to develop bar examination preparation programs and materials that would be taught to students at the Schools. *Id.* ¶ 152. InfiLaw School students were allegedly not permitted to sign up for Kaplan's traditional post-graduate bar examination preparation courses. *Id.* ¶¶ 153–57.

Relator concedes that the Schools promoted these programs as an attempt to help InfiLaw School students pass the bar examination with greater success—an obviously good thing. *Id.* ¶ 158. But Relator alleges—without explaining exactly how—that these courses were designed to circumvent the so-called 90/10 Rule and alleges without any support that Kaplan knew this was their purpose. *Id.* ¶ 163. Based on these allegations, Relator brings four Counts against all Defendants: Presentment of Claims in Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(A)); Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(B)); Conspiracy to Commit a Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(C)); and Retention of Overpayment in Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)).

## III. ARGUMENT

### A. Legal Standard

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* If this standard is not met, the cause of action fails as a matter of law and should be dismissed.

Moreover, because it "is an anti-fraud statute," claims asserted under the FCA "are subject to the heightened pleading requirements of Rule 9(b)." *Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 998 (7th Cir. 2014) (quoting *United States ex rel. Gross v. AIDS Research All.-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005)); *see also United States v. UnitedHealthcare Ins. Co.*, No. 15-CV-7137, 2018 WL 2933674, at *1 (N.D. Ill. June 12, 2018). Accordingly, a relator must, at minimum, "state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff" to avoid dismissal. *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 705 (7th Cir. 2015), *opinion reinstated in relevant part, superseded on other grounds*, 840 F.3d 445 (7th Cir. 2016).

Here, Relator's complaint should be dismissed pursuant to Rules 12(b)(1), 12(b)(6), and/or 9(b). Relator does not—and cannot—allege a plausible claim that Kaplan's actions violated the FCA, let alone do so with particularity. Not only are Relator's claims precluded under the FCA's public disclosure bar, but there is a paucity of allegations against Kaplan establishing any of the elements necessary for FCA liability. Because these failings cannot be cured through amendment, the Court should dismiss all claims against Kaplan with prejudice.

### B. Relator's Claims Are Barred by the Public Disclosure Bar.

This is a quintessential example of a "parasitic lawsuit[]" that the FCA's public disclosure bar seeks to prevent. *Bellevue*, 867 F.3d at 716 (quoting *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 294 (2010)). The allegations against Kaplan in Relator's complaint have literally been *copied* from the complaint filed in *O'Connor*—which was filed in the Middle District of Florida on November 10, 2015 and unsealed March 26, 2018. Declaration of James L. Zelenay, Jr. in Support of Kaplan, Inc.'s Request for Judicial Notice ("Zelenay Decl."), Ex. C; *see also id.*, Ex. A at 26–34 & Ex. B (order dismissing action). Relator's allegations against Kaplan are also nearly identical to those in yet another previously filed case,

5

*United States ex rel. Lorona*, 3:15-cv-959-J-34PDB (M.D. Fla. 2015), which was unsealed in 2018 and dismissed with prejudice on August 12, 2019. Zelenay Decl., Ex. D ¶¶ 76–96, 115 & Ex. E at 58. Under the public disclosure bar, courts "shall dismiss" FCA actions that are premised on "substantially the same allegations or transactions" that have been publicly disclosed unless the relator "is an original source of the information." 31 U.S.C. § 3730(e)(4) (2010); *see also Bellevue*, 867 F.3d at 717. Because Relator is not an original source of the allegations that were copied-and-pasted verbatim from these earlier publicly available FCA complaints, his Complaint should be dismissed.

Relator's allegations were undeniably "publicly disclosed" in *O'Connor* and *Lorona*. *See Cause of Action v. Chi. Transit Auth.*, 815 F.3d 267, 274 (7th Cir. 2016) (affirming grant of motion to dismiss due to public-disclosure bar). Public disclosure requires only that a subsequent lawsuit be "'based upon,' *i.e.,* 'substantially similar to,' the publicly disclosed allegations." *Id.* (citation omitted); *see also Strakusek*, 2021 WL 308887, at *8 (identifying prior complaints as source of public disclosure). The allegations at issue here go well beyond being substantially similar to those disclosed in *O'Connor*—they are identical in every material way. Indeed, as a redline comparison of the allegations pertaining to Kaplan in Relator's complaint and the *O'Connor* complaint shows, Relator copied the *O'Connor* complaint verbatim with only minor typographical changes and a total of seven lines deleted. Zelenay Decl., Ex. C (redline comparison). Given Relator's allegations use "the very words" contained in the *O'Connor* complaint, there is no legitimate basis to claim that Relator's allegations are not "based on" "publicly disclosed" information. *See Bogina*, 2015 WL 1396190, at *1, 4 (granting motion to dismiss under Rules 12(b)(6) and 12(b)(1) on public-disclosure bar); *see also Strakusek*, 2021 WL 308887, at *1, 8 (granting Rule 12(b)(6) motion to dismiss on public-disclosure bar where prior complaint with "essentially the same factual allegations" was unsealed one year before).

Further, the complaint in *Lorona* also alleged the same underlying regulatory violations, i.e., that the provision of internal bar examination review courses (in that case, provided by

6

Defendant Barbri)[1] somehow caused the Schools to violate the 90/10 Rule. Zelenay Decl., Ex. D ¶¶ 76–126. Ms. Lorona's allegations are significantly more detailed than Relator's (and were still dismissed with prejudice), but nearly all of the allegations of Relator's Complaint appear verbatim or nearly verbatim in *Lorona*. *Compare* Compl. ¶¶ 146, 148, 150–51, 153–54, 158–59, 162–66, 168–170, *with* Zelenay Decl., Ex. D, ¶¶ 76–78, 80, 82–83, 89, 90, 96, 115–118, 126.[2]

Thus, "unless the relator is an original source of the information upon which [the] lawsuit is based," the public disclosure bar precludes this action. *Cause of Action*, 815 F.3d at 274 (internal quotation marks omitted and alteration in the original). To be an original source, Relator must establish that he (i) voluntarily disclosed the underlying information to the government prior to the public disclosure, or (ii) has "knowledge that is independent of and materially adds to the publicly disclosed allegations" and "voluntarily provided the information to the Government before filing an action." 31 U.S.C. § 3730(e)(4)(B)(ii) (2010); *see also United States ex rel. John v. Hastert*, 82 F. Supp. 3d 750, 765 (N.D. Ill. 2015). Relator cannot satisfy either of these requirements.

First, Relator has not alleged—and cannot plausibly allege—that he voluntarily disclosed the underlying information to the government prior to the public disclosures in *O'Connor* and *Lorona*. Relator simply alleges in conclusory fashion that he disclosed his allegations to the government prior to public disclosure or filing suit. Compl. ¶ 66. But this is utterly legally insufficient. Relator must allege *facts* demonstrating he made the required disclosure to the government prior to the public disclosure and suit. *See, e.g.*, *Peck v. CIT Bank, N.A.*, No. 17-CV-07239, 2020 WL 6781799, at *5 (N.D. Ill. Nov. 18, 2020) (granting motion to dismiss); *Gross ex rel. U.S. v. AIDS Research All.-Chicago*, 2004 WL 905952, at *7 (N.D. Ill. 2004) (same); *see also Hastert*, 82 F. Supp. 3d at 767 (granting motion to dismiss where relator did not include "any allegations whatsoever" about content of alleged disclosure to government). Here, Relator has

---

[1] Although Kaplan was not a defendant in *Lorona*, the pleadings put into the public record the fact that Kaplan also provided internal bar examination preparation courses for InfiLaw Students. *Id.* ¶ 89.

[2] The other paragraphs are irrelevant filler that do not go to the details of the alleged scheme. *See, e.g.*, Compl. ¶¶ 147, 149, 155–57, 160–61.

7

not—and cannot—do so. After all, his allegations are simply cut and pasted from the prior complaints. There is no feasible way he provided those very same words and allegations prior to the public disclosures. *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) (to survive a motion to dismiss, "a complaint must include facts showing a plausible—not merely 'conceivable'—entitlement to relief").

Similarly, Relator has not alleged—and cannot plausibly allege—that he has knowledge that is "independent of" and "materially adds to" the publicly disclosed allegations. *See* 31 U.S.C. § 3730(e)(4)(B). Indeed, the only changes Relator made to the allegations pertaining to Kaplan were to delete facts—the opposite of adding to the publicly disclosed allegations. *See generally* Zelenay Decl., Ex. C. Nor can Relator legitimately claim independent knowledge of Kaplan's conduct going back to 2011 or 2012, Compl. ¶ 150 (alleging the InfiLaw Schools approached Kaplan "[i]n 2011 or 2012"), ¶ 152 (alleging the InfiLaw Schools "entered into agreements with Barbri and Kaplan" "[i]n or around 2012") when his tenure as a student began at least four years later in the summer of 2016, *id.* ¶ 53. Indeed, Relator was not even a student at Arizona Summit until a year after the *O'Connor* and *Lorona* suits were filed. Because there is simply no plausible explanation for how Relator obtained "direct and independent knowledge," the Complaint "hasn't come close to satisfying" the requirements to be an original source. *See United States ex rel. Ziebell v. Fox Valley Workforce Dev. Bd., Inc.*, 806 F.3d 946, 952 (7th Cir. 2015); *Gross*, 2004 WL 905952 at *7 (granting motion to dismiss where relator "ma[de] no attempt to show that he meets either of the criteria for an 'original source'").

Relator's complaint is exactly the type of "parasitic" *qui tam* action that the public-disclosure bar was "designed to deter." *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). Thus, it must be dismissed.[3]

---

[3] This case may be dismissed under the public disclosure bar, and this motion is brought, under either or both Rule 12(b)(6) or Rule 12(b)(1). *See United States ex rel. Suarez v. AbbVie Inc.*, No. 15 C 8928, 2019 WL 4749967, at *15 (N.D. Ill. Sept. 30, 2019) (quoting *Bellevue*, 867 F.3d at 717–18 (noting it is an open issue in the Seventh Circuit whether the public disclosure bar is subject to Rule 12(b)(6) or 12(b)(1))). Either way, Relator's claims are subject to dismissal.

8

### C. Relator Fails to State a Claim for Violation of the False Claims Act.

Relator also fails to plead the basic elements of an FCA violation against Kaplan under the standards of either Rule 12(b)(6) or Rule 9(b). To establish civil liability under the FCA, a relator must show that "(1) the defendant made a statement in order to receive money from the government; (2) the statement was false; (3) the defendant knew the statement was false; and (4) the false statement was material to the government's decision to pay or approve the false claim." *United States ex rel. Marshall v. Woodward, Inc.*, 812 F.3d 556, 561 (7th Cir. 2015). Relator's complaint must be dismissed because Relator has not alleged any of these elements as to Kaplan.

#### 1. Relator fails to plead that Kaplan either presented or caused a claim to be presented to the government.

Relator's Complaint lacks even the "*sine qua non* of a False Claims Act violation," an allegation that Kaplan presented or caused a false claim to be presented to the government. *See Mason v. Medline Indus., Inc.*, No. CIV.A. No. 07 C 5615, 2009 WL 1438096, at *4 (N.D. Ill. May 2009). There is not a single allegation that Kaplan presented any claim—false or otherwise—to the government. Nor does the Complaint allege that Kaplan "knowingly assisted in causing the government to pay claims which were grounded in fraud." *United States ex rel. King v. F.E. Moran, Inc.*, No. 00 C 3877, 2002 WL 2003219, at *8 (N.D. Ill. Aug. 29, 2002). Indeed, the Complaint alleges nothing about any intent by anyone at Kaplan to cause the submission of a false claim. The Complaint likewise does not identify any communications or agreements between Kaplan and the InfiLaw Defendants that had any purpose other than designing a legitimate bar examination preparation curriculum. *See generally* Compl. ¶¶ 146–174. Relator's vague and general allegation of wrongdoing without any link to a false claim is inadequate as a matter of law to proceed with an FCA case. *See United States ex rel. Lanahan v. Couny of Cook*, No. 17 C 5829, 2020 WL 6894395, at *8 (N.D. Ill. Nov. 24, 2020) (holding that general allegations about County's "poor financing practices" were "meaningless for FCA purposes" because "[s]uch allegations say nothing about when and how the County made a false statement to the Government for payment."); *United States v. Safe Env't Corp.*, No. 00 C 3509, 2002 WL 976033, at *3 (N.D. Ill. May 10, 2002)

9

(holding FCA claim could not proceed where Plaintiff presented no evidence from which a reasonable jury could find the Defendant "had participated in any way in the presentation of a false claim").

Likewise, Relator has not alleged—and cannot allege—that Kaplan has any sort of contractual relationship that involves Kaplan's receipt of government funds. Accordingly, Relator's fourth cause of action for Retention of Overpayment in Violation of the False Claims Act (31 U.S.C. § 3729(a)(1)(G)) must also fail. *See United States, ex rel. Besancon v. Uchicago Argonne, LLC*, No. 12 C 7309, 2014 WL 4783056, at *4 (N.D. Ill. Sept. 24, 2014) (a claim "under § 3729(a)(1)(G) requires Relator to allege that defendant had an existing, legal obligation to pay or transmit money or property to the government").

For failure of these basic elements alone, Relator's claims against Kaplan must be dismissed.

### 2. Relator fails to adequately plead scienter.

Relator likewise fails to allege that anyone at Kaplan acted with scienter; that is, that anyone at Kaplan was involved in the "knowing" submission of a false claim for payment. The FCA's scienter requirement is "rigorous" and should be "strict[ly] enforce[ed]." *Escobar*, 136 S. Ct. at 2002. Relator must plead the defendant had "actual knowledge of the information; (ii) act[ed] in deliberate ignorance of the truth or falsity of the information; or (iii) act[ed] in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1); *see also United States ex rel. Sheet Metal Workers Int'l Ass'n v. Horning Invs., LLC*, 828 F.3d 587, 593 (7th Cir. 2016). Merely asserting intent existed is a legal conclusion that is not presumed to be true; a plaintiff must plead facts that make it *plausible* defendant acted with requisite intent. *Iqbal*, 556 U.S. at 680–81.

Here, Relator makes no attempt to plead facts establishing scienter. Relator fails to identify a single individual at Kaplan, fails to describe that person's alleged knowledge, and even fails to describe what exactly Kaplan allegedly had knowledge of under Relator's theory of the case. Relator merely alleges "Kaplan entered into [test preparation program] agreements knowing that the purpose and effect of the agreements was to manipulate the 90/10 Rule data." Compl. ¶ 290.

But Relator offers no facts in support of this bald conclusion, which is therefore insufficient. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Nor does Relator allege any other facts to indicate in any way that Kaplan acted with any of the "scienter" required under the FCA.

### 3. Relator fails to adequately plead materiality.

Relator also does not adequately plead materiality. "[A] misrepresentation is not deemed material simply because the Government requires compliance with statutory, regulatory, or contractual requirements as a condition of payment." *United States v. Molina Healthcare of Ill., Inc.*, No. 17 C 6638, 2019 WL 3555336, at *3 (N.D. Ill. July 31, 2019) (citing *Escobar*, 136 S. Ct. at 2003.) "To meet the strict materiality standard, [Relator] must allege that the violations at issue are so central that the government would not have paid these claims had it known of these violations." *UnitedHealthcare Ins. Co.*, 2018 WL 2933674 at *5 (citations and quotations omitted).

But here Relator alleges that several United States Senators already have complained to the government about what Relator purports to put at issue, and that the government nevertheless has taken no action. Compl. ¶¶ 54–56. This is the very definition of lack of materiality. *United States ex rel. Marshall v. Woodward, Inc.*, 812 F.3d 556, 564 (7th Cir. 2015) (concluding that false statements were not material, noting that the government continued to buy and use a product after it was made aware of the defendant's "actual practices").

### D. Relator Fails to Plead a Conspiracy with the Requisite Specificity.

Relator's third cause of action also fails because Relator has failed to adequately plead the existence of a conspiracy.[4] A conspiracy to commit violations of the FCA is governed by general conspiracy principles. *United States ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 545 n.3 (7th Cir. 1999). "[T]he sine qua non of a conspiracy [under the FCA] is not merely knowledge but an

---

[4] The arguments in the prior sections provide reasons why all of the claims, including the conspiracy claim, must be dismissed. This section discusses additional reasons for dismissal applicable to the conspiracy claim.

agreement." *United States ex rel. Lisitza v. Par Pharm. Cos., Inc.*, 276 F. Supp. 3d 779, 806 (N.D. Ill. 2017). And the agreement that a relator must plead is an agreement *to violate the FCA*, not merely to cooperate in a contractual profit-seeking relationship or even to violate the underlying regulations. *Id.* In other words, "[t]he object of the conspiracy must be to make false or fraudulent claims." *Id.*

Here, Relator's Complaint does not allege any agreement between Kaplan and the InfiLaw Defendants to do anything other than provide bar examination preparation courses to InfiLaw School students. The Complaint is devoid of any allegation that Kaplan agreed to present false claims to the government. Relator alleges that the programs were used by the Schools to circumvent the 90/10 Rule; but even if true, that is not enough to infer that Kaplan agreed to violate the FCA simply because FCA violations may have occurred. *See U.S. ex rel. Hilliard v. Hardin House Inc.*, No. 17 CV 1043, 2020 WL 362796, at *4 (N.D. Ill. Jan. 22, 2020) (dismissing with prejudice conspiracy claim where relator "simply ask[ed] the court to infer that, because there was a training that resulted in repeated violations, the parties must have agreed to violate the False Claims Act"). Relator's complaint contains "no allegation that the defendants met ahead of time to discuss (or at any time communicated) their mutual intent to obtain a false statement in order to procure payment from the government. . . . Nor are there any allegations about who made the agreement, when the agreement was made, or the terms of the agreement." *Id.* Having failed to allege these types of facts with specificity, Relator's claim fails.

Indeed, when presented with the same allegations regarding internal bar review programs (but, in fact, with even more detail), the court in *Lorona* dismissed relators' conspiracy claim against Barbri with prejudice, holding that the "Relators fail to allege particularized facts supporting even an inference that the Law Schools actually violated the 90/10 Rule" because they "provide no specific allegations as to the amount of revenue the Law Schools earned as a result of this program, the relevant time periods during which each Law School reported this income, or the amount or percentage of total revenues derived from myBAR program fees." Zelenay Decl., Ex. E at 50. The outcome should be the same here. Relator's general allegations that Kaplan and the

12

InfiLaw Schools agreed to implement programs that were somehow unfair for students are insufficient to establish conspiracy to violate the FCA. *See Lisitza*, 276 F. Supp. 3d at 808–09 ("The FCA punishes the knowing submission of false claims; abject corporate profit-seeking is not in its purview.").

### E. Leave to Amend Would Be Futile.

Relator cannot salvage his legally inadequate allegations through an amendment. "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (quoting *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)) (internal quotation marks omitted); *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (court may dismiss complaint with prejudice "[w]here it is clear that the defect cannot be corrected so that amendment is futile").

Relator cannot plead around the prior public disclosure. And the fact that Relator was not even a student until 2016 precludes any possibility that he is an original source of allegations relating to Kaplan purportedly from four years earlier. Accordingly, because the complaint is barred by the public-disclosure bar, dismissal with prejudice is warranted.

Regardless, pleading any FCA claim against Kaplan with particularity is not possible. This litigation does not involve any contracts between Kaplan and the government. Kaplan did not submit any claims to the government or receive government funds. Kaplan is nothing more than a legitimate third-party service provider, and has no place being sued here as a defendant.

For these reasons, the complaint against Kaplan should be dismissed, and it should be dismissed with prejudice.

Dated: May 20, 2021

Respectfully submitted,

*/s/ Nicola T. Hanna*

Andrew Robert Greene
ElevateNext Law
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
(312) 676-5473
andrew.greene@elevateservices.com

Kehinde A. Durowade
ElevateNext Law
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
(312) 676-5475
kehinde.durowade@elevateservices.com

*Counsel for* Kaplan, Inc.

Nicola T. Hanna*
James L. Zelenay, Jr.*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-7000
Fax: (213) 229-6000
nhanna@gibsondunn.com
jzelenay@gibsondunn.com

Jeremy S. Ochsenbein*
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202
Phone: (303) 298-5700
Fax: (303) 298-5907
jochsenbein@gibsondunn.com

*Counsel for* Kaplan, Inc.
* *pro hac vice*